UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LUDMILA GERDOVA, individually and on behalf
of all other persons similarly situated who were
employed by KROLEWSKIE JADLO and/or any
other entities affiliated with or controlled by
KROLEWSKIE JADLO,

                             Plaintiff,

     - against -

KROLEWSKIE JADLO AND AFFILIATED
RESTAURANTS, JOLANTA DZIEMIANCZYK,
KRZYSZTOF DRAWIECKI, JUSTYNA
SOBOLENSKA, JOHN DOES 1-10, and JANE
DOES 1-10.

                         Defendants.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Docket No.:

CLASS / COLLECTIVE ACTION

JURY TRIAL DEMANDED

       Plaintiff LUDMILA GERDOVA ("Plaintiff"), on behalf of herself and on behalf of all

others similarly situated, by and through her attorneys, Marzec Law Firm P.C., as and for her

complaint against the Defendants, KROLEWSKIE JADLO AND AFFILIATED

RESTAURANTS ("Corporate Defendant"), JOLANTA DZIEMIANCZYK, KRZYSZTOF

DRAWIECKI, JUSTYNA SOBOLENSKA, JOHN DOES 1-10 and JANE DOES 1-10

(collectively "Individual Defendants"), (collectively "Defendants") allege as follows:

## NATURE OF THE ACTION

       1.     Plaintiff, on behalf of herself and others similarly situated brings this action to

recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees

under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various

wage orders promulgated thereunder by the U.S. Department of Labor and codified under 29

C.F.R. § 552 *et seq.* ("FLSA"), New York Labor Law Articles 6 and 19 and various wage orders

promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R.§ 137-144 ("NYLL"), and the New York State common law.

2.      Additionally, this action seeks damages, liquidated damages, and punitive damages arising out of breach of contract and unjust enrichment by certain or all Defendants and against the Individual Defendants for intentionally inducing the Corporate Defendants into violating the employee contract between the Corporate Defendants and the Plaintiff and others similarly situated of wages they rightfully earned working for the Corporate Defendants.

3.      Plaintiff, along with others similarly situated, was, for all times relevant to this Complaint, employed by Defendants, in a position for which she was paid hourly and which was not exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA").

4.      Plaintiff and others similarly situated employees were employed by the Corporate Defendant and worked various hours per week but were not compensated properly for the hours they worked, and the overtime hours worked.

## PARTIES

5.      Plaintiff, LUDMILA GERDOVA, is a citizen of New York with an address of 521 Graham Ave, Apartment 3C, Brooklyn, NY 11222. She was employed by KROLEWSKIE JADLO from on or about March 27, 2010 to August 17, 2018.  Plaintiff was employed as a cook.

6.      During the course of her employment, Ms. Gerdova served as a full-time employee for Defendants as a cook and there were no less than fourteen (14) kitchen employees employed by KROLEWSKIE JADLO.

7.      There are other similarly situated employees in other locations of KROLEWSKIE JADLO and its affiliated restaurants, including in Ridgewood; Karczma located at 136 Greenpoint Ave, Brooklyn, NY 11222; Christina's located at 853 Manhattan Ave, Brooklyn, NY 11222; and Dziupla located at 194 Bedford Ave, Brooklyn, NY 11249.

8.    Defendant, KROLEWSKIE JADLO and its affiliated restaurants, at all relevant times herein, was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business in Brooklyn, New York.

9.    Defendant KRZYSZTOF DRAWIECKI is an individual and the owner of Defendant KROLEWSKIE JADLO with a business address of 673 Manhattan Ave, Brooklyn, NY 11222. KRZYSZTOF DZIEMIANCZYK is an officer, manager or director of the Corporate Defendant responsible for supervising Plaintiff and others similarly situated and hiring and firing employees and is individually responsible for unpaid wages under Federal and New York Law and otherwise.

10.    Defendant JOLANTA DZIEMIANCZYK is an individual and the kitchen director and kitchen manager of Defendant KROLEWSKIE JADLO with a business address of 673 Manhattan Ave, Brooklyn, NY 11222.  JOLANTA DZIEMIANCZYK is an officer, manager or director of the Corporate Defendant responsible for supervising Plaintiff and others similarly situated and hiring and firing employees and is individually responsible for unpaid wages under Federal and New York Law and otherwise.

11.    Defendant JUSTYNA SOBOLENSKA is an individual and manager of Defendant KROLEWSKIE JADLO with a business address of 673 Manhattan Ave, Brooklyn, NY 11222. JUSTYNA SOBOLENSKA is an officer, manager or director of the Corporate Defendant responsible for supervising Plaintiff and others similarly situated and hiring and firing employees and is individually responsible for unpaid wages under Federal and New York Law and otherwise.

12.    John Does 1-10 and Jane Does 1-10 are yet unknown individual defendants, supervisors, managers and agents, to be added as Defendants in the future.

13.    Individual Defendants were charged with payment of wages to Plaintiff.

## JURISDICTION AND VENUE

14.     The Court has personal jurisdiction over Corporate Defendant in that Corporate Defendant is incorporated in the State of New York and is authorized to do business in the State of New York and regularly conducts business in New York.

15.     The Court has personal jurisdiction over the Individual Defendants in that they are residents of New York and regularly transact a substantial amount of business and have substantial contacts in New York.

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this action arises under 29 U.S.C. § 207 (FLSA); 28 U.S.C. § 1337 (Regulation of Commerce).

17.     This Court has jurisdiction over Plaintiff's state law claims pursuant to U.S.C § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

18.     The Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b) because substantial events or omissions giving rise to Plaintiff's claims occurred in this district, and Defendants are residents of this district.

## JURY DEMAND

19.     Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

20.     Defendant KROLEWSKIE JADLO and its affiliated restaurants is at all relevant times herein, was and is a restaurant business located in Brooklyn, New York.

21.     Defendant KROLEWSKIE JADLO is an employer subject to the FLSA, as Corporate Defendant engaged in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce, in that Corporate Defendant employs workers who provide restaurant services inside and outside of New

York and have moved in interstate and/or international commerce. Corporate Defendant is in the business of providing services and goods used in interstate commerce.

22.     Upon information and belief, Defendants employ no less than fourteen (14) kitchen employees. At various times of Plaintiff's employment, Defendants employed over 100 employees.

23.     On or about March 27, 2010, Plaintiff was hired by KROLEWSKIE JADLO.

24.     Plaintiff continued to work for the Defendants through August 17, 2018.

25.     At the time of hire, Plaintiff was paid $10.00 per hour. Plaintiff received a raise to $11.00 per hour after approximately two (2) years of employment. Despite this, Plaintiff was not always paid $11.00 per hour but often just $10.00 per hour.

26.     Plaintiff, and others similarly situated, was entitled to be paid a proper wage for the work done.

27.     Despite regularly working in excess of 40 hours per week, Plaintiff (and others similarly situated) was never paid the proper overtime rate according to law of one-and-half times the regular hourly rate for hours in excess of 40 per week.

28.     On average, Plaintiff worked in excess of 40 hours per week.

29.     On average, Plaintiff worked 69 hours per week and during holidays upwards of 80-90 hours per week. Plaintiff generally worked starting at 10:30 AM through 10:30 PM without time for a lunch break.

30.     Despite the number of hours worked, Plaintiff and others similarly situated were sometimes paid a straight time rate, but never at the proper overtime rate according to law.

31.     Plaintiff was paid less than the proper overtime rate of pay according to law, and less than the agreed upon straight hourly rate.

32.     By way of an example only, in a typical week, Plaintiff worked 69 hours but was paid an overtime rate of $10.00 or $11.00 per hour.  Plaintiff should have been paid an overtime rate of $15.00 or $15.50 per each hour worked in excess of 40 hours.  She was not.  During her course of employment, Plaintiff was not paid at all for two (2) weeks as retaliation.  Moreover, Plaintiff was not paid one (1) hour that Plaintiff would stay late to remove the trash out of the restaurant on those days the trash was carted away.  While the restaurant would close at 10:00 PM, Plaintiff would have to wait until all patrons left the restaurant to remove trash.

33.     Upon information and belief, other similarly situated employees were, too, underpaid and were not paid the proper time and a half for overtime according to law.

34.     This failure to pay was motivated to underpay Plaintiff and others similarly situated.

35.     Defendants' failure to pay Plaintiff was pursuant to a policy by which they similarly failed to pay the proper overtime and regular wages according to law to other employees similarly situated to Plaintiff, who also regularly worked in excess of 40 hours per week and who did not receive wages for all hours worked.

36.     During Plaintiff's employment with Corporate Defendant, the Plaintiff was one of approximately 100 employees over time who regularly worked in excess of 40 hours per week but were not paid the proper overtime rate according to law and/or did not receive their wages for all hours worked.

37.     Defendants failed to display legally required job site notices concerning state and labor laws.

38.     Defendants failed provide their employees, in writing in English and in the language identified by each employee as the primary language of the employee, a notice containing the rate or rates of pay and basis thereof, in contravention of NYLL § 195(1).

39.     Defendants failed to track each and every employee's hours worked.

40.     Defendants failed to track each employee's hours worked for any given day of a week during which the employee was employed.

41.     Plaintiff was unaware of her rights under the labor laws regarding payment of overtime and minimum wages.

**Defendants' Conduct was and is Willful and Ongoing**

42.     Defendants as employers have certain statutory obligations towards employees, including the requirement of paying employees at the higher overtime premium of one-and-a-half times their regular rate for each hour worked in excess of 40 per week, and to make, keep, and preserve proper payroll records.

43.     Defendants were aware of their statutory requirements, including the requirement to pay Plaintiff and others similarly situated at the overtime premium rate for each hour worked in excess of 40 per week, and to make, keep, and preserve proper payroll records.

44.     Defendants knowingly failed to pay Plaintiff and others similarly situated all of the regular and overtime wages to which they were entitled, and to make, keep, and preserve proper payroll records.

45.     As such, the various violations of the law which are alleged herein were committed knowingly, willfully, and intentionally by Defendants.

46.     At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

47.     Upon information and belief these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

**Facts Relating to the Defendants as Employer**

48.    At all relevant times herein, KROLEWSKIE JADLO and its affiliated restaurants operated the same business.

49.    At all relevant times herein, JOLANTA DZIEMIANCZYK,    JUSTYNA SOBOLENSKA and KRZYSZTOF DRAWIECKI, conducted business as KROLEWSKIE JADLO.

50.    At all relevant times herein, JOLANTA DZIEMIANCZYK, JUSTYNA SOBOLENSKA and KRZYSZTOF DRAWIECKI, acted for and on behalf of Corporate Defendant, with the power and authority vested in them as owner, officer, manager and agent of KROLEWSKIE JADLO and acted in the course and scope of their duty and function as agent and officer of KROLEWSKIE JADLO.

51.    At all relevant times herein, JOLANTA DZIEMIANCZYK, JUSTYNA SOBOLENSKA and KRZYSZTOF DRAWIECKI directly managed, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and signing or issuing checks for Plaintiff—or directing payroll through other agents—and others similarly situated.

52.    JOLANTA DZIEMIANCZYK, JUSTYNA SOBOLENSKA and KRZYSZTOF DRAWIECKI had control over the conditions of employment of Plaintiff and others similarly situated, including their hiring and firing, their work schedules, the rates and methods of payments of their wages, and the maintenance of their employment records.

53.    At all relevant times herein, JOLANTA DZIEMIANCZYK, JUSTYNA SOBOLENSKA and KRZYSZTOF DRAWIECKI had operational control over KROLEWSKIE JADLO.

54.    As a matter of economic reality, all Defendants are joint employers of Plaintiff and others similarly situated; and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for claims made herein.

**Facts Relating to the Piercing the Corporate Veil of KROLEWSKIE JADLO**

55.    Upon information and belief, KROLEWSKIE JADLO and its affiliated restaurants is wholly owned by KRZYSZTOF DRAWIECKI.

56.    Upon information and belief, in conducting the affairs of KROLEWSKIE JADLO, KRZYSZTOF DRAWIECKI failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

57.    Upon information and belief, KRZYSZTOF DRAWIECKI used the assets of KROLEWSKIE JADLO as his own, and otherwise commingled personal assets with the assets of KROLEWSKIE JADLO.

58.    As alleged herein, KRZYSZTOF DRAWIECKI used KROLEWSKIE JADLO in order to circumvent a statute or statutes or accomplish other wrongful acts or in furtherance of other wrongful or inequitable purposes.

59.    Upon information and belief, KROLEWSKIE JADLO was used to commit wage and hour violations against Plaintiff and others similarly situated.

60.    KROLEWSKIE JADLO is the alter-ego of KRZYSZTOF DRAWIECKI and, as will be established at trial, for the purpose of the claims made by Plaintiff and others similarly situated herein, KROLEWSKIE JADLO has no separate legal existence from KRZYSZTOF DRAWIECKI. As such, KROLEWSKIE JADLO and KRZYSZTOF DRAWIECKI individually and collectively, and jointly and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiff brings this action on behalf of herself and all others current and former employees of Defendants who did not receive the compensation required by the FLSA and the NYLL and New York common law with respect to their work for Defendants.

62.     Upon information and belief, this class of persons consists of not less than fourteen (14) kitchen staff and one hundred (100) total employees.

63.     There are questions of law and fact common to the class, specifically whether the employment of Plaintiff and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and NYLL. Only the amount of individual damages sustained by each former or current employee will vary.

64.     Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy to not pay Plaintiff and others proper overtime wages and regular wages under the FLSA and NYLL.

65.     Plaintiff brings the FLSA and NYLL claims for relief herein individually and all others similarly situated as collective action pursuant to the FLSA and NYLL and common law, in respect to all claims that Plaintiff, and all others similarly situated, have against Defendants as a result of Defendants' violation of the labor laws as complained herein.

## CLASS ACTION ALLEGATIONS

66.     Plaintiff brings this action on behalf of herself and all other current and former employees of Defendants who did not receive the compensation required by the FLSA and the NYLL and New York common law with respect to their work for Defendants.

67.     Upon information and belief, this class of persons consist of not less than one hundred (100) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Rule 23(a)(1) of the Federal Rules of Civil Procedure.

68.     There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff and others similarly situated by Defendants are subject to the jurisdiction and the wage and overtime requirements of the FLSA and NYLL and New York common law.  Only the amount of individual damages sustained by each class member will vary.

69.     The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

70.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that Plaintiff's interests are not adverse to the interests of the other members of the class.

71.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Rule 23(b)(3) of the Federal Rules of Civil Procedure.

72.     Plaintiff brings the first, second, and third claims for relief herein on behalf of herself individually and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, in respect to all claims that Plaintiff, and all others similarly situated, have against the Defendants as a result of Defendants' violation of the FLSA, NYLL and New York Common Law.

### FirstClaim for Relief
### Breach of Contract

73.     Plaintiff repeats and re-alleges each and every previous allegation as if fully set forth herein.

74.     Plaintiff and others similarly situated entered into an oral contract with Defendants to supply work in furtherance of Defendants' business in exchange for hourly wages.

75.    Plaintiff and others similarly situated, satisfactorily supplied labor and otherwise complied with the terms of her employment agreement with Defendants, and was therefore entitled to the wages she earned while working for Defendants.

76.    Defendants failed or refused to pay Plaintiff and others similarly situated all of their wages to which she was entitled under her employment agreement.

77.    Defendants' failure or refusal to pay Plaintiff and others similarly situated all of the wages to which she was entitled under her employment agreement constituted a breach of such employment agreement.

78.    By virtue of the foregoing breach of contract by Defendants, Plaintiff and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount she should have been paid as contemplated by her employment agreement, less amounts she actually was paid, together with interests, costs, disbursements, and attorneys' fees.

## Second Claim for Relief – Unpaid Wages and Overtime
## New York Minimum Wage Act NYLL § 650 et Seq.

79.    Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

80.    At all times relevant to this action, Plaintiff, and all others similarly situated, were employed by Defendants, within the meaning of the New York Labor Law ("NYLL"), §§ 2 and 651 and the regulation thereunder including 12 NYCRR § 142.

81.    Pursuant to the NYLL, Plaintiff, and all others similarly situated, were entitled to certain overtime wages, which Defendants intentionally failed to pay in violation of such laws.

82.    Plaintiff, and all others similarly situated, regularly worked in excess of 40 hours per week for Defendants, but did not receive the proper wages and overtimes wages to which she was entitled.

83.     Defendants failed to apprise Plaintiff, and all others similarly situated, of their rights under New York Labor Law.

84.     Defendants failed to furnish Plaintiff, and all others similarly situated, with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

85.     Defendants failed to keep true and accurate records of hours worked by each employee, including Plaintiff, and all others similarly situated, covered by a proper hourly wage rate.

86.     Defendants failed to establish, maintain, and preserve for not less than six years, payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4) and New York State Department of Labor Regulation § 142-2.6.

87.     Pursuant to these labor law violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants her unpaid wages and sums illegally deducted from her wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1).

88.     Plaintiff, and all others similarly situated, is also entitled to recover liquidated damages and civil penalties for an amount equal to one hundred percent of the total such underpayments found to be due.

89.     At all times relevant to this action, Defendants failed and willfully failed to pay Plaintiff, and all others similarly situated, overtime wage at rates of at least 1.5 times their regular rate of pay for each and all hours she worked in excess of forty hours in a week, in violation of the

New York Minimum Wage Act and its implementing regulation. NYLL §§ 650 et seq.; 12 NYCRR § 142-2.2.

90.     Due to Defendants' New York Labor Law violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants, her unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 663(1).

91.     Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

### Third Claim for Relief – Unpaid Wages and Overtime<br>Fair Labor Standards Act – 29 U.S.C. 201 et Seq.

92.     Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

93.     Plaintiff, and all others similarly situated, was, for all times relevant to this Complaint, employed by Defendants, a position for which she was paid hourly and that is not exempt from the overtime provisions of FLSA.

94.     At all times relevant herein, Defendants were engaged in commerce and/or in professional services for commerce and/or Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207 (a).

95.     At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff and all others similarly situated overtime wages at rates of at least 1.5 times their regular rate of pay for each and all hours they worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207, 216(b).

96.     At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, and all others similarly situated, minimum wages.

97.    Plaintiff and all others similarly situated were paid hourly and not exempt from the right to receive overtime pay or minimum wages under the FLSA.

98.    At all times relevant to this Complaint, Defendants had a policy of willfully failing to make proper overtime payments for hours worked in excess of forty (40) hours per week.

99.    As a result of Defendants' failure to compensate Plaintiff, and all others similarly situated, at a rate not less than 1½ time the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendants have violated and continue to violate FLSA 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

100.    Defendants failed to make, keep and preserve records with respect to Plaintiff and all others similarly situated, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 255(a).

101.    Defendants conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

102.    As result of the Defendants' failure to properly credit, record, report and/ or compensate Plaintiff, and all others similarly situated, Defendants have failed to make, keep and preserve records with respect to each of its employee, including Plaintiff, and all others similarly situated, sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

103.    Defendants have failed to properly disclose or appraise Plaintiff, and all others similarly situated, of her rights under the FLSA.

104.    As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiff, and all others similarly situated, is entitled to liquidated damages pursuant to the FLSA.

105.    Plaintiff, and all others similarly situated, is entitled to an award of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

106.    Plaintiff, and all others similarly situated, seeks a judgment for unpaid overtime wages, regular wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided by the FLSA.

107.    Due to Defendants' FLSA violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants her unpaid overtime compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

108.    Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

## Fourth Claim for Relief
## Quantum Meruit

109.    Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

110.    Plaintiff, and all others similarly situated, performed work and services for Defendants.

111.    Plaintiff, and all others similarly situated, had a reasonable expectation of payment for the hours they worked for the Defendants.

112.    Defendants failed to remunerate Plaintiff, and all others similarly situated, for all the hours they worked.

113.     Defendants failed to pay Plaintiff, and all others similarly situated, an overtime rate of pay for all the hours they worked.

114.     Plaintiff, and all others similarly situated, are entitled to be paid for a reasonable value for their services, less the amounts paid to them, together with an award of interest, costs, disbursements and attorneys' fees.

115.     Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

## Fifth Claim for Relief
## Declaratory Judgment

116.     Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

117.     Plaintiff demands a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

(1)     As to the First Claim for Relief, award Plaintiff damages arising out of the breach of contract;

(2)     As to the Second Claim for relief, award Plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulation thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

(3)     As to the Second Claim for Relief, award Plaintiff any and all outstanding (additional) wages, including overtime wages plus prejudgment interest, costs, disbursements and attorneys' fees pursuant to pursuant to NYLL § 198;

(4)     As to the Second Claim for Relief, award Plaintiff damages arising out of violation of NYLL;

(5)     As to the Third Claim for Relief, award Plaintiff her unpaid wages and overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

(6)     As to the Fourth Claim for Relief, award Plaintiff the quantum meruit value of her labor;

(7)     As to the Fifth Claim for Relief, a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq.;

(8)     Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

(9)     If liquidated damages pursuant to FLSA 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

(10)   Award prejudgment interest pursuant to New York Civil Practice Law and Rules §§ 5001-02;

(11)   Award post judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law And Rules § 5003;

(12)   Award attorneys' fees, costs and further expenses of this action pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1)-(2) and 663(1);

(13)   Award Plaintiff all other relief requested in this Complaint;

(14)   Award Plaintiff other, further and different relief as the Court deems just and proper; and

(15)   An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: March 12, 2020
      Brooklyn, New York

                                    Respectfully submitted,

                                    **MARZEC LAW FIRM, P.C.**

By:   <u>*/s/ Darius A. Marzec*</u>
       Darius A. Marzec, Esq.
       Attorney for Plaintiff
       LUDMILA GERDOVA
       *AND COLLECTIVELY FOR ALL*
       *OTHER FORMER AND CURRENT*
       *EMPLOYEES*
       776A Manhattan Avenue, Suite 104
       Brooklyn, New York 11222
       (718) 609-0303
       dmarzec@marzeclaw.com

## **VERIFICATION**

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF KINGS      )

**LUDMILA GERDOVA,** being duly sworn, deposes and says:

I am the Plaintiff in this proceeding. I have read the Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
LUDMILA GERDOVA

On the 12th day of March, 2020, before me personally appeared LUDMILA GERDOVA, personally known to me or provided to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

Darius A. Marzec
Notary Public State of New York
No. 02MA6272827 – Qualified in
New York County
Commission Expires 12/5/2020