# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 20-CV-1473 (RJD) (RER)
_____

LUDMILA GERDOVA,
*individually and on behalf of all other persons similarly situated*,

Plaintiff,

VERSUS

KROLEWSKIE JADLO AND AFFILIATED RESTAURANTS, JOLANTA DZIEMIANCZYK,
KRZYSZTOF DRAWIECKI, JUSTYNA SOBOLENSKA, JOHN 1-10 DOES, AND
JANE DOES #1-10,

Defendants.

_____

**REPORT & RECOMMENDATION**

July 20, 2021
_____

**TO THE HONORABLE RAYMOND J. DEARIE**
**SENIOR UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

This is an action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. LAB. LAW. §§ 650 *et seq.* (Dkt. No. 1 ("Compl.") ¶ 1). Before the Court is Ludmila Gerdova's ("Gerdova" or "Plaintiff")[1] Motion for Default Judgment

---

[1] Gerdova initially brought this action on behalf of herself and all others similarly situated. (Compl. ¶ 1). Gerdova has not moved for certification of a collective under § 216(b) of the FLSA or of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Because putative class members must "opt in" to a FLSA case, *see* 29 U.S.C. § 216(b), and no other employees consented to join as plaintiffs, the Court views this motion as brought by Gerdova alone. I respectfully recommend that the collective action claims be dismissed. *See Romero v. Floris Constr., Inc.*, No. 16-CV-04282 (PKC) (RLM), 2017 WL 5592681, at *2 n.2 (E.D.N.Y. Nov. 20, 2017).

1

pursuant to Rule 55 of the Federal Rules of Civil Procedure and against Krolewskie Jadlo, Krzysztof Drawiecki ("Drawiecki"), Jolanta Dziemianczyk ("Dziemianczyk"), and Justyna Sobolenska ("Sobolenska"), (collectively, "Defendants").[2] (Dkt. No. 16). Your Honor referred this motion to me for a report and recommendation. (Order dated 12/29/2020).

For the following reasons, I respectfully recommend that Your Honor grant the motion in part and award Gerdova $129,369.59, consisting of: $51,312.50 in unpaid wages; $51,312.50 in liquidated damages; $5,000 in statutory damages; $21,344.59 in prejudgment interest; and $400 in costs.

## BACKGROUND

### I. Factual Background

As required by Rule 55 of the Federal Rules of Civil Procedure, the following facts are accepted as true:

Krolewskie Jadlo is a restaurant located in Brooklyn, New York. (Compl. ¶ 8). It employed at least fourteen kitchen staff. (*Id.* ¶¶ 6, 22). The individual defendants—Drawiecki, Dziemianczyk, and Sobolenska—each had operational control of Krolewskie Jadlo. (*Id.* ¶ 53). Specifically, they had authority to hire and fire staff, supervise employees, and control rates and methods of payments, maintenance of employment records, and payroll. (*Id.* ¶¶ 9–11, 50–52).[3] Drawiecki

---

[2] Gerdova also named "affiliated restaurants;" however, Gerdova was employed only by Krolewskie Jadlo. (Compl. ¶¶ 5, 7). Thus, I respectfully recommend that any claims against the affiliated restaurants be dismissed without prejudice. Additionally, none of the John Doe or Jane Doe defendants in this suit have been identified or served with the complaint; as such I respectfully recommend that they be dismissed from the case without prejudice. *See Gustavia Home, LLC v. White*, No. 16-CV-06926 (CBA) (RER), 2017 WL 6403071, at *1 (E.D.N.Y. Apr. 28, 2017), *adopted by* 2017 WL 6403858 (Dec. 14, 2017).

[3] The Court presumes that Gerdova intended to include these allegations as to Drawiecki in paragraph nine of the Complaint, instead of her references to Dziemianczyk in that paragraph; allegations as to Dziemianczyk are also found in paragraph ten of the Complaint. (*Compare* Compl. ¶ 9, *with* Compl. ¶ 10).

2

owns Krolewskie Jadlo, (*id.* ¶ 9), and Dziemianczyk and Sobolenska are officers, managers, and/or directors of Krolewskie Jadlo, (*id.* ¶¶ 10–11).

Gerdova worked full-time as a cook at Krolewskie Jadlo from on or about March 27, 2010 to August 17, 2018. (Compl. ¶¶ 5–6, 23–24). Gerdova often worked an average of 74.75 hours per week. (Dkt. No. 16-2 ("Gerdova Aff.") ¶¶ 9–12). She worked from 10:30 A.M. until 10:00 P.M. without a lunch break six or seven days per week, including holidays.[4] (*Id.* ¶ 9). Gerdova was paid $10 per hour for her fist thirteen weeks of employment, and $11 per hour for all remaining time. (*Id.* ¶ 9–12). She never received overtime wages for work performed in excess of forty hours per week. (*Id.*; Compl. ¶¶ 27, 30–31). Defendants failed to keep records of employee hours worked or payroll, (Compl. ¶¶ 39–40, 85–86), and did not provide Gerdova with wage statements each pay period, (*id.* ¶ 84, Gerdova Aff. ¶ 15).

## II. Procedural History

Plaintiff filed the Complaint on March 19, 2020. (Compl.). Defendants failed to respond or otherwise appear before the Court. (*See* Dkt. No. 15). Upon Plaintiff's request, the Clerk of the Court entered Defendants' default on October 26, 2020. (*Id.*). Plaintiff then filed a motion for default judgment on December 23, 2020. (Dkt. No. 16). Your Honor referred the motion to me for a report and recommendation. (Order dated 12/29/2020).

---

[4] Gerdova's affidavit is inconsistent with her Complaint and attorney's declaration. (*Compare* Gerdova Aff., *with* Compl., *and* Dkt. No. 16-1 ("Marzec Decl.")). In her Complaint, for example, Gerdova alleged that she had to stay after 10 P.M. waiting for all patrons to leave before taking out the trash. (Compl. ¶ 32). For all inconsistencies related to the conditions of her employment, including hours worked and rate of pay, the Court credits Gerdova's affidavit.

3

**DISCUSSION**

**I. Legal Standard**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for entry of default judgment. *See* FED. R. CIV. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011). First, when a plaintiff shows that a defendant has failed to plead or otherwise respond to the complaint, the clerk of the court must enter a non-appearing party's default. FED. R. CIV. P. 55(a). The second step requires a plaintiff to "apply to the court for entry of a default judgment." FED. R. CIV. P. 55(b)(2).[5]

On a plaintiff's motion for default judgment, the court presumes that all well-pleaded factual allegations, except those relating to damages, are admitted by the defaulting party and accepts them as true. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). However, the decision to grant default judgment is at the sound discretion of the court, and default judgments are generally disfavored. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 29 (E.D.N.Y.

---

[5] In addition to the requirements of Rule 55, Gerdova's motion must adhere to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"). *See Lin v. Quality Woods, Inc.*, No. 17-CV-3043 (DLI) (SJB), 2019 U.S. Dist. LEXIS 14239, at *17 (E.D.N.Y. Jan. 28, 2019) (quoting *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2015 U.S. Dist. LEXIS 194031, at *1 (E.D.N.Y. Nov. 13, 2015)). Plaintiff's motion fails to do so in two ways: (1) it does not include a proposed form of default judgment, *see* LOC. CIV. R. 55.2(b); and (2) it does not include a memorandum of law, *see* LOC. CIV. R. 7.1(a)(2). These violations could be reason enough to deny Gerdova's motion, although the Court has discretion to overlook them. *E.g.*, *Lanzafame v. Dana Restoration, Inc.*, No. 09-CV-0873 (ENV) (JO), 2010 WL 6267657, at *7 (E.D.N.Y. Aug. 12, 2010) ("[F]ailure to comply with the local rule requiring [plaintiff] to submit a memorandum of law . . . would be reason enough for the court to deny [the] motion in its entirety."), *adopted by* 2011 WL 1100111 (Mar. 22, 2011); *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (denying default judgment motion for failure to include clerk's certificate of default as required by Local Rules); *Gustavia Home, LLC v. Vaz*, No. 17-CV-5307 (ILG) (RER), 2019 WL 3752772, at *4 (E.D.N.Y. Aug. 8, 2019) (excusing plaintiff's failure to submit proposed judgment), *aff'd*, 824 F. App'x 83 (2d Cir. 2020). Nevertheless, I have overlooked Gerdova's failures as her remaining submissions provide a limited, but sufficient, basis on which to determine Defendants' liability and assess damages.

4

2015).

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). To assess damages, the court may hold an evidentiary hearing, FED. R. CIV. P. 55(b)(2), and alternatively may rely on detailed affidavits or other documentary evidence, *Fermin*, 93 F. Supp. 3d at 29. In either case, the burden is on the moving party to establish that the relief sought flows naturally from the injuries claimed such that the court can ascertain the amount to be awarded with reasonable certainty. *Fermin*, 93 F. Supp. 3d at 29–30.[6]

## II.     Prima Facie Liability under the FLSA and NYLL

As a threshold matter, Gerdova must establish that a non-exempt employer-employee relationship existed under the FLSA and NYLL. *See Lopez v. Cajmant LLC*, No. 15-CV-593 (ENV) (RER), 2020 WL 9814059, at *3 (E.D.N.Y. Oct. 26, 2020), *adopted* (Order dated 11/30/2020); *Fermin*, 93 F. Supp. 3d at 31–32, 34. Gerdova has met this burden.

### A.   Defendants are Employers under FLSA and NYLL

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "New York's Labor Law is the state analogue to the federal FLSA." *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011). Thus, courts tend to interpret "employer" under the NYLL as nearly synonymous with "employer" under the FLSA. *Fermin*, 93 F. Supp. 3d at 37 (collecting cases). "Accordingly, if a court in this

---

[6] Gerdova's attorney specifies that Gerdova seeks default judgment on only the following issues: unpaid wages, liquidated damages, statutory damages, prejudgment interest, attorney's fees, and costs. (Marzec Decl. ¶ 11). All other claims raised in the Complaint are therefore deemed abandoned. *See, e.g.*, *Sell Below Cost USA LLC v. Blue Island Holding Grp. (US) Inc.*, No. 19-CV-6095 (KAM) (RER), 2021 WL 1394284, at *3 n.7 (E.D.N.Y. Feb. 9, 2021), *adopted by* 2021 WL 777015 (Mar. 1, 2021)

5

Circuit has already found liability under the FLSA, it will routinely impose liability for a violation of the NYLL." *Guardado v. 13 Wall St., Inc.*, No. 15-CV-02482 (DRH) (SIL), 2016 U.S. Dist. LEXIS 167887, *14 (E.D.N.Y. Dec. 2, 2016) (citation omitted), *adopted by* 2016 U.S. Dist. LEXIS 179853 (Dec. 29, 2016).

### i. Individual Defendants

An individual is an employer under FLSA if they: (1) make hiring and firing decisions; (2) supervise and control an employee's work schedule or employment conditions; (3) determine an employee's pay rate or method; and (4) maintain employment records. *Martir v. Huntington Provisions Inc.*, No. 19-CV-2412 (DRH) (AYS), 2020 WL 2736696, at *3 (E.D.N.Y. Apr. 29, 2020) (citing *Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565 (PKC) (RER), 2018 WL 1513628, at *4 (E.D.N.Y. Mar. 27, 2018), *as amended* (Mar. 29, 2018)), *adopted by* 2020 WL 2735173 (May 26, 2020). The objective of this test is to evaluate the extent to which the employee depends on the employer as a matter of "economic reality." *Agebrink v. Model Serv. LLC*, 787 F. App'x 22, 25 (2d Cir. 2019) (summary order) (citing *Saleem v. Corp. Transp. Grp., Ltd.*, 854 F.3d 131, 139 (2d Cir. 2017)).

The individual defendants meet the FLSA definition of employer. Drawiecki owns Krolewskie Jadlo. (Compl. ¶ 9). Dziemianczyk and Sobolenska are officers, managers, and/or directors of Krolewskie Jadlo. (*Id.* ¶¶ 10–11). They each had operational control of Krolewskie Jadlo. (*Id.* ¶ 53). Specifically, they had authority to hire and fire staff, supervise employees, and control rates and methods of payments, maintenance of employment records, and payroll. (*Id.* ¶¶ 9–11, 50–52). Taking these well-pleaded allegations as true, Gerdova has met her burden to establish each individual defendant's liability under the FLSA and NYLL.

### ii. *Krowlewskie Jadlo*

A corporate employer is subject to FLSA liability "if [the employer] meets the criteria for either enterprise or individual coverage." *Miranda v. Astoria Provisions, LLC*, No. 19-CV-02923 (EK) (PK), 2020 WL 6370058, at *4 (E.D.N.Y. July 24, 2020), *adopted by* 2020 WL 5810160 (Sept. 30, 2020). To establish enterprise coverage, courts consider whether the employer:

> has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . whose annual gross volume of sales made or business done is not less than $500,000.

29 U.S.C. § 203(s)(1)(A)(i)–(ii); *see also Fermin*, 93 F. Supp. 3d at 33.

Gerdova alleges that Krolewskie Jadlo makes over $500,000 in gross annual sales and is engaged in interstate commerce. (Compl. ¶ 21). She states that Krolewskie Jadlo "employs workers who provide restaurant services inside and outside of New York and have moved in interstate and/or international commerce." (*Id.*). Though her allegations are sparse, it is reasonable to infer that Krolewskie Jadlo, a restaurant, procured goods from out-of-state and therefore was engaged in interstate commerce. *See Fermin*, 93 F. Supp. 3d at 33–34 (concluding that it is reasonable to infer that a New York restaurant sources at least some of its goods from out of state); *Miranda*, 2020 WL 6370058, at *4 (relying on allegation that restaurant "regularly handled . . . food and other supplies produced outside . . . New York"). Gerdova has sufficiently established that Krolewskie Jadlo was an employer under the FLSA and NYLL.

### B. Gerdova was an Employee under the FLSA and NYLL

The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e). Two types of employees are covered: (1) "employees who in any workweek [are]

7

engaged in commerce or in the production of goods for commerce;" and (2) employees who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). However, there are several types of employment exempt from the minimum wage and maximum overtime requirements of the FLSA. *See* 29 U.S.C. § 213. Much like the definition of employer under the NYLL, the definition of employee is nearly identical to the FLSA standard. *Fermin*, 93 F. Supp. 3d at 34.

Gerdova alleges that she was an employee within the meaning of the FLSA and NYLL. (Compl. ¶¶ 80, 93). As a cook in a restauarant, (*id.* ¶ 5), she was a non-exempt employee under the FLSA, *see Fermin*, 93 F. Supp. 3d at 32–33 (collecting cases). These minimal allegations are sufficient to meet the FLSA and NYLL definitions of employee. *See Miranda*, 2020 WL 6370058, at *5–6.

\*       \*       \*

Accordingly, I respectfully recommend that Your Honor hold Defendants jointly and severally liable under the FLSA and NYLL. *See Moon v. Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002) ("[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA." (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)); *see also Fermin*, 93 F. Supp. 3d at 37 (collecting cases).

### III.   Damages

#### A.   Statute of Limitations

The FLSA affords a two-year statute of limitations to bring a cause of action unless the violation was willful, in which case the limitations period is extended to three years. 29 U.S.C. §

255(a). The NYLL statute of limitations is six years from the date that the employee filed a complaint. N.Y. Lab. Law §§ 198(3), 663(3). Here, the NYLL affords the greater recovery. I therefore respectfully recommend that Plaintiffs be awarded damages under the NYLL. *See Tejada v. La Selecta Bakery, Inc.*, No. 17-CV-5882 (EK) (RER), 2020 WL 7249393, at *2 (E.D.N.Y. Sept. 23, 2020), *adopted by* 2020 WL 6937882 (Nov. 25, 2020).

Gerdova asks the Court to ignore the statute of limitations. (Gerdova Aff. ¶ 8). She requests unpaid wages dating back to March 27, 2010—ten years before she filed the Complaint. (*Id.*). Gerdova provides no legal basis for this request.

Gerdova filed her Complaint on March 19, 2020. (Dkt. No. 1). It is clear from Gerdova's complaint that a portion of her claim for unpaid wages falls outside of the statute of limitations. (*See* Compl. ¶ 23). The Court will not ignore the statute of limitations where, as here, Defendants have failed to answer the Complaint or otherwise appear. *See Schwartz v. City of New York*, No. 19 Civ. 05204 (AT) (SDA), 2020 WL 5261219, at *2 (S.D.N.Y. Jan. 22, 2020) (quoting *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014)) ("Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint."), *adopted by* 2020 WL 2904068 (June 3, 2020); *De Santis v. City of New York*, No. 10 Civ. 3508 (JPO) (GWG), 2013 WL 3388455, at *4–5 (S.D.N.Y. Jul. 8, 2013) (collecting cases) ("[A] number of courts have found that they have the discretion to raise the statute of limitations *sua sponte* . . . when presented with a request for a default judgment."), *adopted by* 2014 WL 228659 (Jan. 22, 2014); *Dennis v. Loc. 804*, No. 07 CIV. 9754 (HB), 2009 WL 1473484, at *3 n.3 (S.D.N.Y. May 27, 2009) (collecting cases) ("Courts may dismiss a claim as time-barred *sua sponte* where, as here, it is clear that the applicable statute of limitations has run."); *but cf.*

*Agamede Ltd. v. Life Energy & Tech. Holdings, Inc.*, No. 04-CV-2985 (SMG), 2007 WL 201167, at *2 (E.D.N.Y. Jan. 23, 2007) (deeming statute of limitations defense abandoned where, despite receiving notice, defendant failed to answer or otherwise appear); *Koch v. Rodenstock*, No. 06 Civ. 6586 (BSJ) (DF), 2012 WL 5844187, at *3 n.2 (S.D.N.Y. May 9, 2012) (collecting cases) (declining to consider statute of limitations defense where defendant refused to participate in proceedings), *adopted by* 2012 WL 5845455 (Nov. 19, 2012).

Thus, Gerdova's NYLL period runs from March 20, 2014, through March 19, 2020.

    B.  Unpaid Wages

Under the FLSA and NYLL, Plaintiffs are entitled to recover the difference between the New York State statutory minimum wage rate and the effective hourly rate they were paid by Defendants. *See* 29 U.S.C. § 216(b); N.Y. LAB. LAW § 663. Additionally, "[b]oth the FLSA and NYLL require employers to pay overtime wages, equal to one and one-half the employee's regular salary, for every hour worked in excess of forty hours in any given week." *Miguel v. Mi Bella Puebla Corp.*, No. 16-CV-01593 (SJ) (RER), 2017 WL 4838820, at *4 (E.D.N.Y. Sept. 6, 2017) (citing 29 U.S.C. § 207(a); N.Y. LAB. LAW § 651; N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2), *adopted by* 2017 WL 4838761 (Oct. 24, 2017). "Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Lopez*, 2020 WL 9814059, at *5–6 (quoting *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)). Where an employer has failed to produce payroll records or otherwise rebut the plaintiff's proffered evidence, the court may rely on the employee's recollection to calculate unpaid wages. *See Jemine v. Dennis*, 901 F. Supp. 2d 365, 376 (E.D.N.Y. 2012).

Defendants failed to keep records of employee hours worked. (Compl. ¶¶ 39–40). According to Gerdova's recollection, from March 2014 through August 2018, she worked six or seven days per week from 10:30 A.M. until 10:00 P.M. without a lunch break. (Gerdova Aff. ¶¶ 9–12). In other words, she worked an average of 74.75 hours per week, if not more. Gerdova was paid $11 per hour during the relevant time. (Gerdova Aff. ¶ 10). In 2018, this was below the minimum wage for Krolewskie Jadlo, a large employer in New York City. *See* N.Y. LAB. LAW § 652(a). Gerdova never received overtime wages for work performed in excess of forty hours per week. (Gerdova Aff. ¶¶ 9–12; Compl. ¶¶ 27, 30–31).

Based on Gerdova's affidavit, I respectfully recommend that she be awarded $51,312.50 in unpaid compensation.[7]

### C. Liquidated Damages

When a qualifying employer does not pay required overtime wages, employees are entitled to "liquidated damages equal to one hundred percent of the total amount of the wages . . . due." N.Y. LAB. LAW §§ 198(1-a), 663(1). If the employer acted in good faith, the NYLL affords courts discretion when awarding liquidated damages. *See* N.Y. LAB. LAW § 663(1). Yet, an employer who defaults, like Defendants, has failed to make such a showing of good faith. *See Rodriguez v. Queens Convenience Deli Corp.*, No. 09-CV-1089 (KAM) (SMG), 2011 WL 4962397, at *4 (E.D.N.Y. Oct. 18, 2011). Because there are "no meaningful differences" between the FLSA and NYLL liquidated damages provisions, a party may not recover duplicative liquidated damages for the same conduct. *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018).

---

[7] Calculations relating to unpaid compensation can be found in the Appendix.

Therefore, I respectfully recommend that Plaintiff be awarded liquidated damages equal to the total amount of unpaid wages due or $51,312.50.

### D. Statutory Damages

Under the NYLL, employers must furnish their employees with accurate, specifically enumerated wage statements each pay period. N.Y. LAB. LAW § 195(3). Wage statements should include the dates of work, the employer's address and telephone number, the applicable rate of pay, and any deductions and allowances claimed. *Id.* Employers are additionally required to "establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records." N.Y. LAB. LAW § 195(4).

Gerdova seeks to recover damages for Defendants' failure to provide accurate wage statements and failure to establish, maintain, and preserve accurate payroll records.[8] (Marzec Decl. ¶ 11; Compl. ¶¶ 84, 86). As of February 27, 2015, for violations of section 195(3), plaintiffs may recover damages at the rate of $250 for each work day that the violations occurred or continue to occur, not to exceed $5,000. N.Y. LAB. LAW § 198(1-d); *Estrada v. Giovanni's Italian Pizzeria, Inc.*, No. 16 Civ. 6162 (PGG) (GWG), 2020 WL 3166964, at *5 (S.D.N.Y. June 15, 2020), *adopted by* 2020 WL 4917179 (Aug. 20, 2020). The NYLL does not provide statutory damages for violations of section 195(4).[9] *See* N.Y. LAB. LAW § 198; *Carter v. Tuttnaeur U.S.A. Co.*, 78 F. Supp. 3d 564,

---

[8] Gerdova does not request statutory damages pursuant to section 195(1) of the NYLL. (*See* Marzec Decl. ¶ 11). Given the numerous inconsistencies between her affidavit and the Complaint, the allegation that "Defendants failed [sic] provide their employees . . . a notice containing the rate or rates of pay" in violation of section 195(1) is an insufficient basis on which to award statutory damages. (Compl. ¶ 38). Although Gerdova references a "wage notice" violation, she appears to be referring to her employer's failure to post notice regarding the minimum wage and other labor laws. (Gerdova Aff. ¶ 15). Gerdova makes no other reference to Defendants' failure to issue wage notice upon hire or violation of section 195(1).

[9] Gerdova cites to section 194(4), (Marzec Decl. ¶ 11); however, the Court presumes that she intended to refer to section 195(4).

571 (E.D.N.Y. 2015) ("[N]othing in the NYLL authorizes an independent cause of action based on a violation of § 195(4)").

Defendants failed to provide Gerdova with wage statements each pay period in accordance with section 195(3). (Gerdova Aff. ¶ 15; Compl. ¶ 84). Because Gerdova worked for Defendants for more than twenty days after February 27, 2015, she is entitled to $5,000 in statutory damages.

### E. Pre-Judgment Interest

Plaintiffs may recover prejudgment interest for claims brought under the NYLL. *Piedra v. Ecua Rest., Inc.*, No. 17-CV-3316 (PKC) (CLP), 2018 WL 1136039, at *16 (E.D.N.Y. Jan. 31, 2018) (citing *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999)), *adopted by* 2018 WL 1135652 (Feb. 28, 2018). Under New York law, prejudgment interest is assessed at a rate of nine percent per annum. N.Y.C.P.L.R. § 5004. Interest may be calculated from a single reasonable intermediate date, such as the midpoint of a plaintiff's claims for unpaid wages. *See Cabrera v. Canela*, 412 F. Supp. 3d 167, 186 (E.D.N.Y. 2019); *Fermin*, 93 F. Supp. 3d at 49. I respectfully recommend that Gerdova be awarded pre-judgment interest in the amount of $21,344.59.[10]

### F. Attorney's Fees

The FLSA and NYLL allow prevailing employees to collect "a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b); N.Y. Lab. Law § 198. A Plaintiff, in seeking reimbursement of attorney's fees, "bears the burden of proving the reasonableness and the necessity of the hours spent and the rates charged." *Fermin,* 93 F. Supp. 3d at 51. They must submit

---

[10] May 20, 2016 is a reasonable intermediate date of Gerdova's employment period covered by the NYLL statute of limitations. Gerdova requests interest only through December 31, 2020, the end of the year in which she filed her Complaint. (Marzec Decl. ¶ 11). Thus, interest is calculated using the following formula: (total compensatory damages due to plaintiff) x .09/365 x (number of days from May 20, 2016 to December 31, 2020).

contemporaneous billing records displaying the date, timekeeper, and description of the work completed. *Id.* at 51–52 (collecting cases). They must also provide additional information from which the court can assess the reasonableness of the fees requested, including the professional qualifications of their counsel. *See Luk v. ABNS NY Inc.*, No. 18-CV-5170 (AMD) (RLM), 2021 WL 829417, at *4 (E.D.N.Y. Feb. 9, 2021) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008)), *adopted sub nom. Dai v. ABNS NY Inc.*, 2021 WL 826014 (Mar. 3, 2021).

Gerdova requests attorney's fees but failed to include any evidence in support. (Gerdova Aff. ¶ 17). Her counsel merely asserts that Gerdova "is owed and due" $16,065 in attorney's fees. (Marzec Decl. ¶ 12; *see* Gerdova Aff. ¶ 17). There is no basis on which the Court can assess the reasonableness of this request. Thus, I respectfully recommend that Gerdova's request for attorney's fees be denied.

### G. Costs

A prevailing plaintiff is entitled to recover costs of the litigation. 29 U.S.C. § 216(b); N.Y. LAB. LAW § 663(1). Plaintiffs must submit receipts, invoices, or other evidence to support the costs requested. *E.g.*, *Gesualdi v. D. Gangi Contracting Corp.*, No. 18-CV-3773 (FB) (SJB), 2019 WL 1130729, at *9 (E.D.N.Y. Feb. 11, 2019), *adopted by* 2019 WL 1128356 (Mar. 12, 2019).

Gerdova seek to recover $406.50 in costs. (Gerdova Aff. ¶ 17). She again did not provide receipts or other documentary evidence to support the award of these costs. However, the Court may take judicial notice of this District's filing fee. *Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761 (KAM) (SMG), 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013) (collecting cases). I find it appropriate to take judicial notice of this District's $400 filing fee. (*See* Dkt. No. 1, Entry

dated 3/19/2020 noting "filing fee $400, receipt number ANYEDC-12563486"). Accordingly, I respectfully recommend awarding costs in the amount of $400 and denying the remaining costs in the absence of supporting documentation.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Your Honor grant Gerdova's Motion for Default Judgment in part and award damages in the amount of $129,369.59, itemized as follows: (1) $51,312.50 in unpaid wages; (2) $51,312.50 in liquidated damages; (3) $5,000 in statutory damages; (4) $21,344.59 interest; and (5) $400 in costs.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Raymond J. Dearie within fourteen days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.


**/s/ Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: July 20, 2021
       Brooklyn, NY

**APPENDIX**

### II.   Unpaid Wages[11]

|  | **Period 1** | **Period 2** | **Period 3** | **Period 4** | **Period 5** |
|---|---|---|---|---|---|
| Date Range | 3/20/2014 – 12/30/2014 | 12/31/2014 – 12/30/2015 | 12/31/2015 – 12/30/2016 | 12/31/2016 – 12/30/2017 | 12/31/2017 – 8/17/2018 |
| Weeks Worked | 41 | 52 | 52 | 52 | 33[12] |
| Average Overtime Hours (per week) | 34.75 | 34.75 | 34.75 | 34.75 | 34.75 |
| Regular Wage or Minimum Wage[13] if Greater than Regular Wage | $11 per hour $440 per week | $11 per hour $440 per week | $11 per hour $440 per week | $11 per hour $440 per week | $13 per hour $520 per week |
| Overtime Owed per hour[14] | $5.50 | $5.50 | $5.50 | $5.50 | $6.50 // $19.50[15] |
| Overtime Wages Due[16] | $7,836.13 | $9,938.50 | $9,938.50 | $9,938.50 | $9,260.88[17] |
| Minimum Wages Due[18] | $0 | $0 | $0 | $0 | $4,400[19] |

**TOTAL Unpaid Wages: $51,312.50**

---

[11] Calculations are based on the hours and wage rate provided in Gerdova's affidavit. (Gerdova Aff. ¶¶ 9–12).

[12] Gerdova was not paid for four of the thirty-three weeks of this period. (Gerdova Aff. ¶ 12). This is inconsistent with her Complaint, in which she alleged that she "was not paid at all for two . . . weeks as retaliation." (Compl. ¶ 32).

[13] Minimum wage rates based on those set forth in the NYLL. *See* N.Y. LAB. LAW § 652.

[14] Gerdova was paid her regular hourly rate for each hour she worked including hours in excess of forty hours per week, except for four weeks during her last period of employment. (Gerdova Aff. ¶¶ 9–12; *see also* Compl. ¶¶ 30, 32).

[15] For the four weeks that Gerdova received no wages, she is owed an additional $19.50 per overtime hour worked.

[16] Overtime Wages Due = Average Overtime Hours X Overtime Owed per hour X Weeks Worked

[17] (34.75 X $5.50 X 29) + (34.75 X $19.50 X 4)

[18] Minimum Wages Due = (weekly minimum wage – weekly wage received) X (weeks in period)

[19] [($520 – $440) X 29] + [($520 – $0) X 4]

16